In the Matter of the Probate of the Last Will and Testament of WILLIAM PURDY SHANNON, Late of the Town of Islip, Suffolk County, New York, Deceased.

WILLIAM P. SHANNON, Contestant, Appellant; CHARLES R. PURDY and Others, Respondents.

Second Department, November 19, 1917.

Surrogate's Court — authority of surrogate to grant commission to take testimony of witnesses without State — question involved on motion for such order.

The granting by the surrogate of a commission to take testimony without the State is governed by section 889 of the Code of Civil Procedure, made applicable to Surrogates' Courts by section 2770 of said Code, and the surrogate has no power to prescribe in advance any time within which a commission shall be moved for and to deny any motion made thereafter.

Such a motion must be decided on the affidavits presented to the court. The question is, *first*, does it appear that there are witnesses not in the State whose testimony is material to the application, and *second*, is the application made in good faith.

An order of the surrogate denying such a motion should be reversed where it is shown that the direction of the surrogate to make the motion " at once " was an element in his decision.

APPEAL[*] by William P. Shannon, contestant, from an order of the Surrogate's Court of the county of Suffolk, entered in the office of said Surrogate's Court on the 22d day of January, 1917, denying his motion for the issuance of commissions and the postponement of the trial herein, and also

from an order entered in the office of said court on the 5th day of March, 1917, resettling the prior order, and also from said prior order as resettled by an order entered on the 26th day of February, 1917, and the contestant further appeals from a decree entered in the office of said court on the 22d day of January, 1917, admitting the will herein to probate as resettled by an order entered on the 26th day of February, 1917.

*Robert H. Wilson,* for the appellant.

*Joseph Wood* [*W. K. Post* with him on the brief], for the respondents.

BLACKMAR, J.:

In the course of the administration of judicial duties, a court sometimes is led to the conclusion that one party or the other is playing with the procedure, by dilatory motions or in other ways, to secure a settlement forced by the duress of delay. In just such a case as that, wisdom suggests great care on the part of the court that all rules of practice and procedure should be carefully observed, for it may be that the impression on the mind of the court is not justified by the facts. Will contests are often used to secure by delay a settlement from devisees or legatees anxious to realize their interests in the estate, and perhaps frightened by the prevailing foolish talk about breaking wills. Undoubtedly the learned surrogate believed that the contestant in this case was seeking delay only; and this is an inference which his conduct was calculated to foster. But the surrogate had no power to prescribe in advance any time within which a commission to take testimony without the State should be moved for, and to deny any motion made thereafter. The matter of granting such commission is governed by section 889 of the Code of Civil Procedure, made applicable to Surrogates' Courts by section 2770 of said Code. Where an issue is pending, as in this case, by the petition for the probate and the objections thereto, and there is satisfactory proof of the facts authorizing it, the application for a commission to take depositions must be granted unless the court has reason to believe that the application is not made in good faith.

Second Department, November, 1917.          [Vol. 180.

In the first instance formal affidavits are sufficient, and the order must follow unless the opposing party makes it appear that the application is not made in good faith. In this case the petition for probate was filed November 11, 1916. On November ninth the only next of kin and heir at law waived citation. On November thirteenth he revoked the waiver. He agreed to file objections by November seventeenth, but did not appear. Formal citation was issued on November twentieth, returnable on December fourth, on which day he filed objections. A jury trial was ordered for January 22, 1917, and on January eighteenth the contestant moved to take depositions in New Jersey, Illinois and California. Answering affidavits were filed tending strongly to show that the motion was not made in good faith; application was made for an opportunity to present replying affidavits, which was denied, and an order was entered which, as resettled, recited that the court had, on December fourth, the day when issue was joined, directed the contestant to make any motion for commission to take testimony at once.

The trial was then ordered to proceed, and the contestant again asked for an adjournment and for a commission, which was denied. The jury was directed to find a verdict for the proponent, and a decree resulted admitting the will to probate.

We think the action of the learned surrogate cannot be sustained. Oftentimes it seems to a judge that the true end of all judicial proceedings, justice without delay, could be reached if he had the power of an Arabian cadi to decide without pleading, without delay, and on first impression. But formal proceedings, wherein at every step opportunity is given each party to present his case, are shown by experience to be essential to the ascertainment of truth and pronouncement of judgment.

A motion for a commission to take testimony must be decided on the affidavits presented to the court. The question is, *first*, does it appear that there are witnesses not in the State whose testimony is material to the applicant, and *second*, is the application made in good faith. The motion must be granted or denied as these questions are solved. In this case the recital in the order shows that the direction of the surrogate to make the motion " at once " was an

element in his decision. He had no power to predetermine when the motion should be made, and a denial of the motion when one of the reasons assigned therefor is a violation of such direction cannot be upheld.

The order of the Surrogate's Court of Suffolk county denying the motion for a commission is reversed, and the matter remitted to the surrogate for determination on the merits; the decree of said court admitting the will to probate is reversed, and a new trial ordered before a jury, without costs.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Order of the Surrogate's Court of Suffolk county denying motion for commission reversed, and matter remitted to the surrogate for determination on the merits; decree of said court admitting will to probate reversed, and a new trial ordered before a jury, without costs.